Government Employees Insurance Company, as Subrogee of Shawn Antoine and Sharon Wilson, Appellant,
against
Tariq Kayani, Respondent.




Law Offices of Ricky J. Lucyk (Anthony Ametrano of counsel), for appellant.
Law Office of Nancy L. Isserlis (Matthew A.D. Canzoneri of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered October 26, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this subrogation action to recover insurance benefits plaintiff had paid to its subrogors as a result of an accident, defendant moved for summary judgment and submitted an affidavit wherein she alleged that her car had been hit in the rear by the vehicle driven by one of plaintiff's subrogors, Sharon Wilson, when Wilson changed lanes. In opposition, Wilson averred that defendant had merged into her lane and struck her vehicle, causing damage. By order entered October 26, 2017, the Civil Court granted defendant's motion.
The proponent of a summary judgment motion must tender evidentiary proof in admissible form eliminating any material issues of fact from the case. If the proponent succeeds, the burden shifts to the party opposing the motion, who then must show the existence of a [*2]material issue of fact by producing evidentiary proof in admissible form, in support of its position (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Viewing the evidence in the light most favorable to the nonmoving party, as we must on this motion for summary judgment (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]; Agbosasa v City of New York, 168 AD3d 794 [2019]), we find that a triable issue of fact exists as to the happening of the accident. Each of the drivers claims that it was the other vehicle that changed lanes and struck theirs. Consequently, summary judgment should not have been granted.
Accordingly, the order is reversed and defendant's motion for summary judgment is denied.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019